Robson v. Watts.

Robson v. Watts' heirs.

Where a witness testifies to a conclusion of law and fact, as, for example, that certain parties are the heirs of the deceased, it is the privilege of the party, contesting the issue, to object at the time, or cross-examine the witness and require him to disclose his means of information and to state the facts, on which he formed his conclusion ; but he cannot be permitted to allow the witness to testify to such conclusion, and reserve his objection, in order to have the benefit of it in instructions to the jury, when it is too late for the other party to obviate the objection by a more particular examination of the witness, or the introduction of other testimony.

The authority conferred on the Clerk of the Probate Court, by the 41st Section of the Act of February 5th, 1840, (Hart. Dig. Art. 1035,) to make sales to effect the partition of estates, and collect the proceeds thereof, was an official trust, and devolved on his successors in office.

A trustee or agent with power simply to collect, cannot in general receive payment in any thing but money ; nor will a payment to him in any thing else be binding upon his principal, or operate to discharge the debt, unless made or received by authority of his principal express or implied.

Appeal from Colorado. On the 5th day of November, 1844, by order of the Probate Court, one Perry, who was Clerk of the Probate Court, sold certain town lots belonging to the estate of William Watts, deceased, at probate sale, for the purpose of making partition among the heirs of said Watts, and the appellant Robson became the purchaser and gave his promissory note, payable twelve months after date, to the said Perry or his successors in office, for the purchase money, and a mortgage on the town lots to secure payment thereof, to the said Perry. Three months after the sale, Perry went out of office, and was succeeded by one Gardner, to whom he delivered the note and mortgage. Robson paid some money on the note, and gave Gardner's attorney, Jones, who was owing him a store account, credit on his books for the balance, who delivered him the note with payment receipted. At the Spring Term of the District Court, 1848, the appellees brought suit against Robson and Perry, alleging that

they, (the plaintiffs,) were the heirs of William Watts, dec'd; that the note was still due and unpaid; that Perry had neglected to collect it; and praying, if, on the trial, it should be found that, by his neglect or mismanagement, any part of the note should be lost to the plaintiffs, that they have judgment against him for as much. Defendant Robson demurred generally, and specially for the want of proper parties plaintiff; that suit should have been brought in the name of the payee, (Perry,) in the note, or his successor in office. He also pleaded payment to one Gardner, Perry's successor in office, and a general denial. Perry demurred generally, and answered the foregoing facts. The demurrers were overruled. On the trial, a witness for the plaintiffs "testified that the parties men- " tioned in the petition and amended petition as plaintiffs, are " the heirs of William Watts, deceased." At the request of the plaintiffs, the Court charged the jury, "That where the " Clerk of a county sells the property of an estate, for the " purpose of a partition among the heirs, under the provisions " of the statute, and takes notes payable to himself for the " purchase money, it is a personal trust in the person, who is " Clerk, and does not pass to his successor in office."

The defendant Robson asked the Court to charge the jury that " the testimony of one witness, unsubstantiated by other " evidence, stating that the plaintiffs were reputed to be the " heirs of William Watts, deceased, is not sufficient to estab- " lish the fact of heirship," which the Court refused.

The jury found a verdict for the plaintiffs, for the full amount of the note against defendant Robson, and for the defendant Perry against the plaintiffs. Defendant Robson moved for a new trial against the plaintiffs, and the plaintiffs moved for a new trial against Perry. Both motions were overruled, and the defendant Robson, and the plaintiffs took separate appeals, which were consolidated in this Court.

*J. H. Robson*, for appellant.

*Jones* and *Munger*, for appellees.

WHEELER, J. ˙ A question has been made in argument, as
to the admissibility and sufficiency of the evidence intro-
duced by the plaintiffs to prove their heirship and title to
maintain the action.   The testimony of the witness was direct
and positive to that fact.   No objection, or question was made
at the time, as to his means of information, or the manner in
which he testified.   If not satisfied with the manner in which
the witness gave his testimony, or of his means of informa-
tion, it was the privilege of the defendant to object; or to
cross-examine the witness, and require him to disclose his
means of information, and to state the facts on which he form-
ed his conclusion, in order that the Court and jury might
judge of its correctness.   But the defendant appears to have
done neither; but to have permitted the witness to testify in
his own way, reserving his objections in order to have the
benefit of them in instructions to the jury, when it would be
too late for the plaintiff to obviate the objections by a more
particular examination of the witness, or the introduction of
other evidence.   The evidence went to the jury without ob-
jection; and it is scarcely necessary to say that it was too late
afterwards to raise a question as to the propriety of its ad-
mission.   We must suppose that the witness possessed a com-
petent knowledge of the facts and conclusions to which he de-
posed, as his means of information were not questioned; and
that the defendant did not object, or cross-examine the wit-
ness, because satisfied of the truth of the fact, and that it
could not be successfully contested.   There can be no question
that the evidence was sufficient to warrant the jury in finding
the fact in question.   There was no error in refusing the in-
struction asked respecting the sufficiency of the evidence, for
the reason that it required the Court to assume that the wit-
ness had testified to a question of reputation merely, contrary
to the fact.

The principal question on which the merits of the case de-
pend; and the only remaining question presented by the
record, of sufficient difficulty or importance to require particu-

lar notice, is, whether Gardner as the successor of Perry in the office of Clerk af the County Court, was authorized to receive from his predecessor in office and collect the note on which the suit was brought.

When this case was before us on a former appeal, the opinion was intimated that the duties required by the statute of the Clerk of the County Court in matters relative to the partition of estates, were not duties properly appertaining to the office; but were rather in the nature of a personal trust, which did not devolve on the successor in office of the Clerk by whom its performance was undertaken, but was to be executed by the person who acted as Clerk at that time. The question, however, had been but imperfectly presented in argument; and, considering that it might be important in its bearing, and that the opinion intimated, was not necessary to the disposition of the case then before the Court, and might, perhaps, have been too hastily adopted, it was afterwards withdrawn. Upon more mature consideration, with the benefit of a full argument upon the question, we have come to a different conclusion from that before intimated; and are of opinion that the duty required of the Clerk in this instance, was not a personal but an official trust; which, consequently, devolved upon his successor in office, whose duty it was by virtue of his office to complete the execution of the trust; and that he and his sureties were responsible under the law for its faithful performance.

It follows that Gardiner, the successor in office of Perry by whom the note was taken, had authority to collect it; and, consequently, that the payment made to him, was, in so far a satisfaction of the note, and a discharge of the liability of the defendant. The plaintiffs must look therefore to Gardiner and his sureties for the amount so paid; and were not entitled to recover it of the defendant in this action. But the payment of the residue of the note to Jones appears to have been wholly unauthorized. If he had authority from Gardiner to receive payment, the credit given to him upon the books of the de-

fendant was not such a payment as would satisfy the law, or as was binding on the plaintiffs. Payment, in order to be effectual and binding upon the creditor, need not necessarily be in money. Whatever is received by the creditor in satisfaction, will be effective as a payment, as between the creditor and his debtor. But a trustee, or agent with power simply to collect, cannot, in general, receive payment in anything but money. Nor will a payment to him in anything else, be binding upon his principal, or operate to discharge the debt, unless made or received by authority of his principal, express or implied. Thus, an agent cannot bind his principal by taking a bill of exchange in payment, unless authorized so to do, or unless it was customary to settle by bill. (2 Ld. Raym. 928.) If the debtor pays to a known agent in anything other than money, unless by the authority of the principal, either express, or implied from the usual course of business or the particular usage of trade, the principal may, notwithstanding such payment, recover the amount from the debtor. (Story on Agency, Sec. 430, 98, 181, 413; Chit. on Con. 747.)

The Clerk held the note in this case, as the agent of the plaintiffs with authority to collect; but he had no authority to receive payment, either himself or by another, in anything but money. And no payment but in money could operate a discharge of the debt, or of the defendant's liability.

The verdict therefore was excessive only in so far as it included the amount paid by the defendant to the Clerk in money; which sum was credited upon the note. For the balance due upon the note, the finding for the plaintiffs was legal and correct. And as the plaintiffs' counsel, have asked that the judgment be affirmed for the amount which, according to the evidence, they are entitled to recover; and may remove the only valid objection to the judgment, by remitting the sum by which it exceeds that amount: that is, the sum which appears by the evidence to have been credited upon the note; if they think proper now to file such remittitur, the judgment will be affirmed for the residue; otherwise it must be reversed as to the defendant Robson; and the cause remanded.

The evidence fully acquits the defendant Perry of any liability; he having discharged faithfully the duties assigned to him, and having delivered the note, before its maturity, to his successor in office; and as to him the judgment will be affirmed.

Judgment affirmed.*

* The remittitur having been entered, the judgment was affirmed at the costs of the appellees.