T. C. & ABE RHINE v. BLAKE, JENKINS & BOALS.

(No. 768, Op. Book No. 2, p. ——.)

APPEAL from Dallas County.   Opinion by QUINAN, J.

§ **1066.** *Principal and agent; rule as to authority of agent under written instrument.* The rule is well established that where authority is conferred upon an agent by a written instrument, the nature and extent of the authority must be ascertained from the instrument itself, and it must be followed strictly. [1 Pars. Con. 61–112; Reese v. Medlock, 27 Tex. 120.] In this case a power of attorney recited as follows: "I hereby authorize J. A. Leonard, of Dallas, Texas, to act as agent in the leasing out and making contracts for lease, and to receive lease notes or lease moneys, and signing leases and making the necessary repairs to, and, in short, give him full authority as agent of, my two-story brick store-house," etc. This power conferred upon Leonard no authority to receive anything but money for the rents and notes for the rents, and certainly did not authorize him to anticipate the period for a long time when the rents should become due, and discount the lease notes at a heavy or any rate of interest. It did not authorize him to receive

merchandise for the rents. Formal instruments of this sort are ordinarily subject to a strict interpretation, and the authority is never extended beyond that which is given in terms or which is necessary and proper for carrying the authority so given into full effect. [Story on Agency, 87.] There can be no pretense that, to carry out the purposes of Leonard's agency, it was proper, or could have been contemplated, that he should lease the store-house at a monthly rent payable in advance, and then discount the rent for the whole period of two years, for which he assumed to rent it, and receive goods and merchandise in exchange for it. His acts in this respect were clearly beyond his powers, and did not bind his principals. [Harrington v. Moore, 21 Tex. 546.] His power of attorney authorized him to "receive money and lease notes," and nothing else, for the rents. [Story on Agency, 121.] And a payment of the rents to him by appellees in anything else but money was not binding upon appellants, his principals, and did not operate to discharge the debt due them for the rent. [Robson v. Watts, 11 Tex. 764; McAlpin v. Cassidy, 17 Tex. 450.]

§ 1067. *Ratification of act of agent by principal.* To make a ratification of the agent's act binding upon the principal, there must be evidence of previous knowledge on the part of the principal of all the material facts. There must be full knowledge of all the facts and circumstances. [Story on Agency, 307.]

March 23, 1881.          Reversed and rendered.