EDWARD H. PITKIN AND JONATHAN W. BROOKS v. MICHAEL HARRIS.

*Principal and agent—Acceptance of wood by attorney in payment of note.*

69  133
97  180

An attorney has no implied authority to receive wood in payment of a promissory note in his hands for collection.[1]

Error to Menominee. (Grant, J.) Argued February 9, 1888. Decided March 2, 1888.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Kruse & Flannigan,* for appellant.

*F. D. Mead,* for plaintiffs.

CAMPBELL, J. This suit was brought to recover on a note for $114.51 and interest, made by defendant to plaintiffs, and not disputed. But defendant claims it was paid in this wise, according to his statement, which, however, was substantially denied in many respects:

That defendant had been getting out wood, and upon being asked by Mr. Pinch, plaintiffs' attorney, to secure it, offered to give him a mortgage on the wood,—enough to cover the amount.

"The agreement was that I was to deliver the wood on the bank, and he to dispose of the wood. He was to sell the wood, and give me credit for it. That was the agreement that I had with Mr. Pinch. So I delivered the wood according to the agreement. After the wood was delivered, and inspected by the Union Fuel Company, I went to Pinch, and

---

[1] See *Hurley v. Watson,* 68 Mich. 531 (head-note 2).

demanded a receipt, but Mr. Pinch said no, he would not give me no receipt until he received the money for the wood. Shortly after, the Union Fuel Company failed, and I went to see him, and I asked him how it was going to be. He instructed me not to move the wood, on account of the fact that he had a mortgage on it; and if they attempted to move the wood to let him know."

The delivery which defendant speaks of several times was merely delivering it on the bank, as he says, in Mr. Pinch's name, as Pinch had directed. It is not easy to find in defendant's testimony any evidence that Pinch himself dealt with this wood, but in some way the Union Fuel Company got hold of it, and never paid for it.

The court below held that Pinch had no implied authority, and the testimony shows he had no express authority, to take wood in payment of this debt, supposing him to have done so; and, inasmuch as no money ever came into his hands, the note remained unpaid. No authority is cited to the contrary, and we think the ruling correct.

If it were necessary to consider it, we should have at least grave doubts whether there was any proof of a sale under the statute of frauds. Defendant's counsel rely rather on the acceptance of a mortgage, and disposal under that, but the testimony is no more satisfactory on that basis.

The judgment must be affirmed.

The other Justices concurred.