[No. 6711. Decided September 28, 1907.]

## J. H. WEES, *Respondent*, v. A. J. PAGE, *Appellant*.[1]

APPEAL — REVIEW — QUESTIONS CONSIDERED — WAIVER OF ERROR. Where defendant introduces evidence after denial of a motion for nonsuit, and makes motion for judgment on appeal, the supreme court will only consider the motion for judgment.

ESTOPPEL—INCONSISTENT POSITION IN OTHER ACTION—PRINCIPAL AND AGENT—EXISTENCE OF RELATION. Where, in an action to foreclose a mortgage, prosecuted by P. as agent for the plaintiff, P. testified and established that certain wheat, delivered to P. by defendant and pleaded by defendant as a payment, was not received by P. as agent for the mortgagee, and the court entered judgment without allowing any credit for the wheat, in an action against P. for conversion of the wheat, P. is estopped from claiming that he received the wheat as agent of the mortgagee and that the same was credited on the note in the foreclosure suit.

PRINCIPAL AND AGENT—AUTHORITY—POWER OF ATTORNEY. A power of attorney authorizing an agent to collect monies, does not empower him to receive wheat as a payment on the principal's note.

[1]Reported in 91 Pac. 766.

PLEADING—VARIANCE—ISSUES AND PROOF. An indefinite memorandum of a settlement between parties, making no reference to a wheat transaction in controversy, is inadmissible to show a settlement when none was pleaded.

APPEAL—REVIEW—EVIDENCE—HARMLESS ERROR. The rejection of an immaterial exhibit is harmless error where it in no way corroborated the witness and practically the same evidence, offered by the adverse party, was excluded on objection by the appellant.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered November 22, 1906, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits in an action for conversion. Affirmed.

*Merritt, Oswald & Merritt,* for appellant.

*Warren W. Tolman,* for respondent.

CROW, J.—This action was commenced in July, 1904, by the plaintiff, J. H. Wees, to recover from the defendant, A. J. Page, the value of certain wheat. From a judgment in favor of the plaintiff, the defendant has appealed.

The appellant contends that the trial court erred in denying his several motions for a nonsuit and for judgment at the close of all the evidence. As appellant did not rest his case upon his motion for a nonsuit, but introduced evidence in defense, we can only consider his motion for judgment. *Port Townsend v. Lewis,* 34 Wash. 413, 75 Pac. 982; *Gardner v. Porter,* 45 Wash. 158, 88 Pac. 121.

It appears, that on September 1, 1895, the respondent, J. H. Wees, and Mary L. Wees, his wife, executed and delivered to one S. S. Page their note for $1,750, secured by mortgage on real estate in Spokane county; that S. S. Page, who was a nonresident of Washington, was, in making the loan, represented by appellant, A. J. Page; that in the fall of 1897 the respondent delivered to appellant a large amount of wheat, with the understanding and agreement that he was to sell the same and apply the proceeds on the S. S. Page note; that in 1901, S. S. Page, acting through A. J. Page, commenced

a foreclosure action on the mortgage; that Wees and wife al-
leged payment, which allegation was denied; that judgment
was entered, without findings of fact, in favor of S. S. Page;
that Wees was allowed no credit on account of the wheat;
that during the trial of the foreclosure action, Wees for the
first time discovered that appellant had not applied the pro-
ceeds of the wheat in payment on the note, and that he there-
after commenced this action to recover its value. The amended
complaint included three causes of action, which were iden-
tical except as to amounts and dates. In the first cause of
action the respondent alleged:

"That on the 9th day of September, 1897, the said plain-
tiff was indebted to S. S. Page in the sum of more than fifteen
hundred dollars, which sum of money was then due and owing
from said plaintiff to said S. S. Page; that on and prior to
said day the said defendant, with the intent to swindle, cheat
and defraud said plaintiff, falsely and fraudulently repre-
sented and said to said plaintiff that he, the said defendant,
was then and there the agent of the said S. S. Page for the
hereinafter specified purpose, and was then and there author-
ized by the said S. S. Page, as such agent, to receive, for and
on account of the said S. S. Page, from the said plaintiff, the
hereinafter mentioned wheat, to sell the same and apply and
pay the money arising from such sale as a credit upon said
debt; that thereafter and on or about the 9th day of Septem-
ber, 1897, the said plaintiff, believing said representation and
statement to be true, and relying thereon, and being moved
and induced thereby, and having inquired as to whether the
said defendant A. J. Page was then and there the agent of
said S. S. Page for the hereinafter specified purpose, and upon
such inquiry said plaintiff having been informed that said de-
fendant A. J. Page was then and there such agent, said plain-
tiff did deliver to said defendant, as said agent, and for the
purpose aforesaid, seven hundred and ninety bushels of wheat,
which said defendant then and there received and then and
there undertook, promised and agreed to and with the said
plaintiff to sell the same, and to apply and pay the money
received therefor in part payment of said debt."

Respondent further alleged, that the appellant had sold the
wheat; that he had refused to pay the proceeds to S. S. Page;

that he had converted the same to his own use; that appellant then and there knew he was not the agent of S. S. Page for any such purpose; that respondent had made demand for the value of the wheat, and that he did not discover the failure of appellant to pay the proceeds to S. S. Page until August 1, 1901.

The appellant admitted that the respondent was indebted to S. S. Page, but denied all other allegations of the amended complaint. For his sole affirmative defense he pleaded the foreclosure action; alleged that he, A. J. Page, had conducted that suit as agent for S. S. Page; that by the final decree each and all of the matters and things in controversy herein were finally litigated and determined between the respondent and appellant, and that respondent received credit therein for the value of the wheat. The appellant contends that this present action is one for *tort* based on deceit; that the alleged deceit, according to the averments of the amended complaint, consisted in appellant's false and fraudulent representation that he was the agent of S. S. Page, while knowing he was not such agent; that there has been a failure to sustain these allegations, as the evidence shows appellant was such agent; that respondent so testified; that appellant's power of attorney which is in evidence, so shows; that the wheat is shown to have been delivered to, and received by, appellant as such agent; that there was no deceit or falsehood as to such agency; that the wheat having been delivered to him in his capacity as agent, he was not personally liable therefor, and that the motion for judgment should have been sustained.

Appellant is in no position to make any such contention, being estopped by his own conduct from now claiming that he was the agent of S. S. Page to receive the wheat. His answer alleges that respondent received credit for the wheat in the foreclosure suit. The pleadings in that action, which are in evidence, make no mention of the wheat, although payment was pleaded. No findings were filed, but the judge

who tried the foreclosure action testified in this cause that
he allowed no credit to Wees and wife on account of the wheat.
Sufficient facts appear to indicate that A. J. Page, who prose-
cuted the foreclosure suit as agent for S. S. Page, then con-
tended that he did not receive the wheat as agent for S. S.
Page, but in his own behalf. In any event, the facts stand
undisputed that appellant did actually receive the wheat, and
that respondent received no credit therefor in the foreclosure
action.

In his answer herein appellant alleges that he conducted the
foreclosure suit. He was a witness in that action, and by his
evidence must have convinced the trial court that he did not
receive the wheat as agent for S. S. Page. If his evidence
had not tended to show that he received it in some other capac-
ity, the trial judge would have allowed a credit therefor to
respondent, who not only pleaded payment, but relied upon
the wheat deal to show such payment. Appellant, by his evi-
dence and conduct of that trial, succeeded in defeating re-
spondent's defense of payment, the issue there tried, and it
being conceded that appellant did receive the wheat, it must
have necessarily appeared he received it in some other capacity
than as agent for S. S. Page. That being true, he should
now be estopped from disputing the respondent's present con-
tention that he was not such agent in receiving the wheat. If
appellant held any individual claims against the respondent,
to the payment of which he applied the wheat, he should have
pleaded them in this action. He has not done so, and we must
therefore assume that no such claims existed. He did not
offer himself as a witness in this action, nor has he here at-
tempted to explain the wheat transaction. He has elected to
remain quiet on that subject. His reasons for this method of
procedure he has not seen fit to disclose. He now relies upon
the foreclosure proceedings pleaded by him as a former ad-
judication. The record in that case, as explained by the evi-
dence of the judge who entered the decree, indisputably shows

that respondent was there held not entitled to any credit on the note for the wheat. By this holding, it was necessarily and conclusively adjudicated that appellant was not agent of S. S. Page for the purpose of receiving the wheat. Should it be to the interest of the respondent to contend in subsequent litigation that appellant was agent of S. S. Page in the wheat deal, such former adjudication would preclude him from so doing. Yet appellant is now endeavoring to defeat the respondent in this action by predicating his entire defense upon the existence of the identical agency which he disproved in the foreclosure. Such a defense would be inequitable, unconscionable, a travesty on justice, and should not be permitted by any court. It would deliver respondent's wheat to appellant without requiring him to account for the same at any time or in any manner.

But aside from any question of estoppel, the best evidence of the agency upon which appellant now relies is the power of attorney. It is in evidence, and reads as follows:

"I hereby constitute A. J. Page of Cheney, state of Washington, my true and lawful attorney in fact, authorizing him as such attorney to collect all monies owing to me in the state of Washington, whether now due or to become due. . . ."

This language authorized appellant to collect money due on the note, but it did not authorize him to receive anything in payment except money. He had no authority to accept wheat. It is an elementary principle in the law of agency that power in an agent to receive payment authorizes its receipt in money only; that being the only way in which he can fully discharge his duty to his principal. Story, Agency (9th ed.), §§ 98, 181; *Carver v. Carver,* 53 Ind. 241; *Pitkin v. Harris,* 69 Mich. 133, 37 N. W. 61; *Robson v. Watts' Heirs,* 11 Tex. 764; *Stetson v. Briggs,* 114 Cal. 511, 46 Pac. 603; *Scully v. Dodge,* 40 Kan. 395, 19 Pac. 807; *St. John & Marsh Co. v. Cornwell,* 52 Kan. 712, 35 Pac. 785.

The complaint, in substance, alleges, that A. J. Page falsely and fraudulently represented to respondent that he

was authorized as agent of S. S. Page *to receive the wheat.*
The evidence does not show any such authority. The repre-
sentation was therefore fraudulent as alleged. Of course, if
appellant received the wheat and, after selling, actually paid
the proceeds on the note, his principal, by accepting the
money, would have ratified his unauthorized acts, and would
have been bound. But appellant did not do so. The mere
delivery of the wheat to appellant was not binding on S. S.
Page, as payment on the note. The amended complaint fur-
ther alleged that appellant undertook, promised, and agreed
with respondent, to sell the wheat and apply the proceeds;
that he did make the sale, but that he did not apply the pro-
ceeds as agreed. There has certainly been no failure to prove
this allegation. It is, in fact, undisputed that appellant did
receive the wheat; that he sold it, and that he did not apply
the proceeds as payment on the note. The motion for judg-
ment was properly denied.

Appellant also contends that the trial court erred in sus-
taining respondent's objection to his offer of a writing which
has been marked "Defendant's Exhibit A for identification."
He contends that it was offered for the purpose of showing
that respondent had learned, as early as October 11, 1898,
that appellant had not applied the proceeds of the wheat as
a payment on the note, and that it tended to sustain appel-
lant's plea of the statute of limitations. The exhibit seems
to have been an indefinite memorandum of some kind of settle-
ment between the parties, making no mention of any wheat.
It was not competent evidence to show any settlement, none
having been pleaded, and appellant concedes that it was not
admissible for any such purpose. We fail to see how it tends
to show knowledge of appellant's use of the wheat on the part
of the respondent. There is nothing on its face or expressed
in its terms that suggests any wheat item. The party who
drew the exhibit was permitted to testify that the respondent
did, at its date in October, 1898, talk over the wheat, and

then fully understood all that had been done. This evidence being admitted, we cannot understand how the appellant was prejudiced by the rejection of the exhibit, which in no way tended to corroborate the witness. In any event the respondent afterwards offered another writing, prepared at the same time by the same witness, containing the identical item upon which appellant relied, but not purporting to be any settlement. On appellant's objection this offer was rejected. It would seem from this that appellant's real purpose in offering exhibit A was to confuse the jury by suggesting some sort of a settlement not pleaded. Had he only desired to call attention to the item he claims referred to wheat, he could have done so by consenting to the offer made by respondent. In this condition of the record he waived any alleged error of the trial court in refusing to admit exhibit A, and is therefore in no position to complain.

The judgment is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, ROOT, DUNBAR, and RUDKIN, JJ., concur.