[No. 18446. *En Banc.* December 16, 1924.]

HARRISON COLES, *Appellant,* v. THOMAS F. McNAMARA, *as Deputy Sheriff of King County, et al., Respondents.*[1]

HUSBAND AND WIFE (84)—GARNISHMENT (3)—COMMUNITY PROP-ERTY—TORTS OF HUSBAND—GARNISHMENT OF WAGES. Where the damage sued for was for personal torts of the husband, for which the community property was not liable, the wages of the husband, which constitute community property, under Rem. Comp. Stat., §§ 6890-6892, are not subject to garnishment.

Appeal from an order of the superior court for King county, Brinker, J., entered May 14, 1923, quashing writs of garnishment. Affirmed.

*H. E. Foster,* for appellant.

*John F. Dore,* for respondents.

PER CURIAM.—This is an appeal from an order quashing two writs of garnishment sued out by appellant, one against King county to garnish the salary of respondent Starwich, and the other against King county to garnish the salary of respondent McNamara.

The appeal is brought here on the transcript of the record and the bill of exceptions.

The affidavits of the two defendants show that, at the time of the issuance of the garnishments in each case, each defendant was married; the sum garnished was the monthly wages of such defendants, and such wages were the community property of the defendant and his wife; that the judgment against each defendant was a separate judgment, and the community not liable for the same.

Under §§ 6890, 6891 and 6892, Rem. Comp. Stat. [P. C. § 1432 *et seq.*], wages are community property of the husband and wife.

[1] Reported in 231 Pac. 28.

The damages complained of in the action by appellant were for personal torts for which the community is not liable. *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 688; *Bice v. Brown,* 98 Wash. 416, 167 Pac. 1097; *Kies v. Wilkinson,* 114 Wash. 89, 194 Pac. 582, 12 A. L. R. 833.

The order quashing the writs of garnishment was therefore proper and there is no valid reason for reversing the adjudication.