[No. 19700. Department One. March 18, 1926.]

PACIFIC SOUTHWEST TRUST & SAVINGS BANK, *Respondents,* v. J. P. MAYER, *Appellant,* J. E. GRIFFIN *et al., Defendants.*[1]

[1] JUDGMENT (198½) — PARTNERSHIP (38, 44-1) — LIABILITIES TO THIRD PERSONS—NEGOTIABLE INSTRUMENTS—NATURE OF LIABILITY —PERSONS CONCLUDED. A note given by a copartnership is the joint obligation of all the partners, and in an action thereon all partners must be liable in order to obtain judgment against any one of them.

[2] BILLS AND NOTES (84)—RENEWALS—DISCHARGE OF JOINT-MAKER. A renewal note, by two of the joint-makers, which was found by the court to operate as a release of another joint-maker, is a payment of the original note releasing the latter from liability thereon; notwithstanding the original note was not surrendered and the payee did not agree to release him; and findings to the contrary are inconsistent with the legal effect of the renewal releasing other obligors.

Appeal from a judgment of the superior court for King county, Ralston, J., entered October 30, 1925, upon findings in favor of the plaintiff, in an action upon a promissory note, tried to the court. Reversed.

*Fred H. Peterson* and *Stuart D. Barker,* for appellant.

*Baxter, Jones & Hughes,* for respondents.

[1]Reported in 244 Pac. 248.

FULLERTON, J.—This is an action brought to recover upon a promissory note. There was a trial of the action before the court sitting without a jury, resulting in a judgment against the defendant, J. P. Mayer. From this judgment Mayer appeals.

The facts appear in the findings of the trial court, the evidence not being in the record. The findings are as follows:

"I.   That the Pacific Southwest Trust & Savings Bank, plaintiff above named, is now and was at all times herein mentioned a corporation organized and existing under and by virtue of the laws of the state of California as a banking corporation.

"II.   That at all times herein mentioned the defendants J. E. Griffin and Annie G. Griffin were husband wife, and J. P. Mayer and J. E. Griffin were copartners doing business under the name and style of Mayer & Griffin.

"III.   That on May 14, 1924, at Ocean Park, California, defendants above-named, for value received, executed and delivered to the order of plaintiff their certain promissory note, copy of which is set out in plaintiff's complaint and marked Exhibit 'A,' in the sum of $300, with interest at 8%, further providing for an attorney's fee of 10% on the amount unpaid, which note became due on August 14, 1924.

"IV.   That on August 14, 1924, said J. E. Griffin and wife executed and delivered to plaintiff in place of Exhibit 'A' a new promissory note for $300, due December 14, 1924, and that on February 14, 1925, said Griffin and wife executed and delivered to plaintiff in lieu of said new note their further new note for $300, due in ninety days. That plaintiff never surrendered the original note nor at any time ever agreed to release said J. P. Mayer but said Griffin and wife have been released on said original undertaking by the execution of said new notes. That Griffin and wife paid interest on said notes to February 14, 1925. That defendants were all served with copies of summons & amended complaint in the above-entitled cause for February 14,

1925, at which time the interest on said note for Jan. & Feb. was past due. That J. P. Mayer, defendant above-named was served with copy of original summons & complaint in above cause Dec. 24, 1924. That there is still due and owing plaintiff from the said J. P. Mayer the sum of $300 with interest from February 14, 1925, at 8%, together with the sum of $30 attorney's fee and costs of suit.''

From the findings the court made the following conclusion of law:

''I.  That plaintiff is entitled to judgment against J. P. Mayer in the sum of $300, with interest from December 14, 1924, at 8% per annum, together with $30 attorney's fee and costs of suit and that J. E. Griffin and Annie G. Griffin, his wife, are entitled to be dismissed from said action.''

The ''Exhibit A'' referred to in the findings is as follows:

''$300.00        Ocean Park, California, May 14, 1924.

''August 14, 1924, after date, for value received, I promise to pay to the Pacific-Southwest Trust & Savings Bank, or order, at its banking house at Ocean Park, California, Three Hundred and 00/100 Dollars, with interest, payable monthly, at the rate of eight per cent per annum from date until paid, and attorneys' fees of ten per cent of the amount then unpaid, if placed in the hands of an attorney for collection, or if suit be commenced, or other proceeding be taken to enforce the payment of this note. Should the interest not be paid when due, then both principal and interest shall become immediately due and payable at the option of the holder of this note.

''Should the interest not be paid when due, it shall be compounded monthly thereafter, and bear the same rate of interest as the principal. Principal and interest payable in gold coin of the United States of America of the present standard. The makers, sureties, guarantors and endorsers of this note hereby consent to extensions of time at or after the maturity thereof and

hereby waive diligence, protest, demand and notice of
every kind.

"Should this note be signed by more than one per-
son, firm or corporation, all of the obligations herein
contained shall be considered joint and several obliga-
tions of each signer hereof.

> "Mayer & Griffin,
> by J. P. Mayer,
> by J. E. Griffin,
> Mrs. Annie G. Griffin."

The judgment entered is in accordance with the con-
clusions of law. It adjudges that the plaintiff bank
have and recover from J. P. Mayer the sum of $300,
with interest at 8 per cent per annum from February
13, 1925, together with $30 attorney fees and its costs
and disbursements of suit, and further adjudges that
J. E. Griffin and Annie E. Griffin be "dismissed with
prejudice and costs to be taxed against plaintiff in
their favor."

The record does not disclose the reasons which
moved the trial judge to conclude that there could be
a separate judgment against the appellant Mayer on
the original note, after the holder of the note had re-
leased the other obligors from liability thereon. Nor
have we been favored with a brief on the part of the
respondent bank. But it seems to us clear that the
judgment entered does not follow from the facts as
found.

[1] The appellant did not obligate himself person-
ally to pay the note; that is, he did not so obligate him-
self by a direct individual promise to pay it. The debt
was a partnership debt, and the partnership obligated
itself to pay it. It was thus the joint obligation of the
partners, not their joint and several obligation. *War-
ren v. Rickles,* 129 Wash. 443, 225 Pac. 422. Where a
debt is joint, the creditor must sue all of the debtors,

else his action is subject to the objection that there is
a defect of parties defendant. *Ryckman v. Manerud,*
68 Ore. 350, 136 Pac. 826. And, if he must sue all of
them, he must have a cause of action against all of
them, otherwise he can recover against none.

[2] It is the rule, no doubt, that the taking of a re-
newal note does not necessarily operate as a payment
or satisfaction of the note of which it is a renewal, as
the question depends upon the intent of the parties.
*Boston National Bank of Seattle v. Jose,* 10 Wash. 185,
38 Pac. 1026. But this is not the question presented
here.

In this instance the trial court has found that the
renewal note did operate as a release of one of the
joint obligors on the original note and that he was no
longer liable thereon. This is, in its effect, a holding
that one of the joint obligors has paid the joint obliga-
tion, and the rule is that the payment of a joint obliga-
tion by one of the joint obligors pays it as to all of the
joint obligors, for otherwise the creditor may have two
satisfactions of the same obligation. It may be true
that the payment of a joint obligation by one of the
obligors does not relieve the other entirely, but it at
least operates to change the creditor of the other; he
is no longer liable on the principal obligation, but may
be liable, under the doctrine of contribution, to answer
to the obligor paying the obligation for his just pro-
portion of the debt.

In this instance, the court has found that the bank
did not surrender the original note and did not agree
to release the appellant Mayer from his obligation
thereon. But these findings are inconsistent with the
legal effect of its further finding that it did release the
other obligors, since it could not well be that the obliga-
tions were paid as to one of the obligors and not paid

as to the other. It is also inconsistent with that part of the judgment which dismisses from the action the appellant's co-obligors with prejudice.

There are other reasons which might be urged against the validity of the judgment, but we shall not pursue the inquiry further. Our conclusion is that the appellant is entitled to a judgment to the effect that the plaintiff take nothing by its action.

The judgment is reversed and the cause is remanded with instructions to enter judgment in accordance with this conclusion.

TOLMAN, C. J., HOLCOMB, MAIN, and MITCHELL, JJ., concur.