**UNITED STATES of America, Appellant,**

v.

**Maud L. ELFER, Appellee.**

**No. 15360.**

United States Court of Appeals Ninth Circuit.

July 8, 1957.

942

Charles P. Moriarty, U. S. Atty., Edward J. McCormick, Jr., Richard F. Broz, Asst. U. S. Attys., Seattle, Wash., for appellant.

Richard F. Schacht, Mount Vernon, Wash., for appellee.

Before HEALY, BONE and FEE, Circuit Judges.

BONE, Circuit Judge.

From the month of July, 1943, through May, 1945, appellee, as the wife of Kenneth Schlafer, on active duty with the United States Navy, received allowance in the sum of $50 per month by the provisions of the Servicemen's Dependents Allowance Act of 1942. 56 Stat. 381, 37 U.S.C.A. § 201 et seq. (now repealed).* In July, 1943, Schlafer was promoted to the grade of Boatswain Mate 2nd Class in the United States Navy. For men in this non-commissioned grade the law provided for quarters allowance, but also provided that at the option of the enlisted man he could elect not to receive quarters allowance and to have his dependents become entitled to receive dependents allowance. During the months involved here, July, 1943, through May,

---

\* Now 37 U.S.C.A. § 252.

1945, Schlafer drew his full pay and quarters allowance; he apparently did not exercise his option to waive quarters allowance pertaining to his grade and to have his wife draw dependent allowance. However, the Government paid the dependent allowance during this period also.

Appellee and Schlafer were divorced by decree of the Superior Court of Skagit County, Washington, on May 5, 1947, the decree becoming effective on that date.

The United States (hereafter Government) commenced this action in June, 1955, to recover $1,150.00, the sum of the alleged erroneous payments made from July, 1943, to and including May, 1945, plus interest from August 4, 1954, the date demand was made upon appellee for repayment of $1,150.00. Appellee refused to make repayment as demanded.

Appellee answered (by a second defense) that during the period of payments she and husband Kenneth Schlafer constituted a marital community under the laws of the State of Washington, and that the Government's claim, if it be an indebtedness, is a claim against the then marital community composed of appellee and Schlafer, and was not a personal debt of, or claim against, the appellee. Appellee (by her third defense) further pleaded that if appellee is indebted to the Government as claimed, she is indebted to the Government jointly with Schlafer. Appellee also pleaded that Schlafer was a citizen and resident of the State of Washington subject to the jurisdiction of the District Court both as to service of process and venue; that he could be made a party without depriving the court of jurisdiction of the present parties, and that Schlafer had not been made a party. Her answer prayed that the complaint be dismissed and that Government take nothing. Government moved to strike the defenses pertaining to the debt as being a community obligation and not a personal one, and the defense that the debt, if any, is a joint one and that Schlafer should have been made a party. This motion was denied.[1]

The District Court, in findings and conclusions, found the payments to have been made, that appellee and Schlafer were divorced, and that Schlafer resided within the Northern Division of the Western District of Washington. The Court concluded the payments were made to the marital community of appellee and Schlafer " * * * and were made as compensation in part for the military services of the said Kenneth Schlafer in the United States Navy and as such constituted community income," that the payments from July, 1943, to and including May, 1945, were in violation of law as Schlafer was then in a non-commissioned grade to which no family allowance was granted, and that " * * * Plaintiff has failed to join in this action as a party defendant the said Kenneth Schlafer, and that for nonjoinder of party defendants this action should be dismissed." Judgment dismissing the action without costs to either party was entered.

Government asserts error by the District Court in holding that payments in violation of law were made as compensation in part for military services of the male member of the marital community and as such constituted community income; in holding the erroneous payments were made to the marital community of Maude and Kenneth Schlafer, and in holding that Schlafer was a necessary and indispensable party to the action, and in dismissing the action for failure to join said Kenneth Schlafer.

Government concedes that it has found no authority[2] to support its contention

---

1. The motion to strike the fourth defense of appellee was granted, and that part of appellee's answer has been omitted from the transcript on this appeal.

2. Government cites Hatch v. Ferguson, 9 Cir., 1895, 68 F. 43, as being " * * *

somewhat in point here." The Court in that case concluded that the property was the separate property of the husband as his military service was performed while the husband was a single man, and he entered the land and the patent was issued some years before his marriage. The

that the erroneous allowance payments were made to appellee and not to the marital community, so that a separate judgment could be entered against the appellee, but argues that the dependent allowance was a gift or gratuity, and that under Washington law a gift is the separate property of the donee,[3] that an implied contract to repay arose if overpayment was made, that any obligation of the wife to repay is her separate obligation, and that even if the wife received such payments on behalf of the community, she has a separate obligation to repay as an agent.[4]

■■ We do not agree with Government that the payments were a gift.[5] We believe the family allowance payments were made as compensation for military service and constituted community income, and that the District Court was correct in so concluding. Cases support this conclusion. In Hokenson v. Hokenson, 1945, 23 Wash.2d 908, 915, 162 P.2d 592, 595, the Court said:

> Court also said that had the husband been married at the time the land warrant was issued, the property would have been separate property as his military service was rendered long before the marriage. The Court also expressed the view that the land warrant was a gift, but this appears to be dictum by the Court on the facts.

3. RCW 26.16.020 (Revised Code of Washington) provides that property owned by the wife before marriage, and acquired afterward by gift, bequest, devise or descent, with the rents, issues and profits thereof is to be the separate property of the wife. RCW 26.16.010 makes similar provision for the husband.
 RCW 26.16.030 provides, in part: "Property, not acquired or owned as prescribed in RCW 26.16.010 and 26.16.-020, acquired after marriage by either husband or wife, or both, is community property."

4. RCW 26.16.030 provides that the husband is manager of the community property. See Cross, "The Community Property Law in Washington," 15 La.L.Rev. 640, 642 (1955): "Basically the wife has neither a managing or disposing power over community property of any kind, but the court has recognized an 'emergency power' in the wife and has recog-

"Appellant [Wife] * * * has received $50 a month as the result of respondent's being in the navy, * * * all of which she has undoubtedly used for her personal use. *This money was undoubtedly community property."* (Emphasis supplied.)

In Sterrett v. Sterrett, Tex.Civ.App. 1950, 228 S.W.2d 341, 344, the wife purchased realty with dependent allowance payments. The wife argued the Government allotment sent her was a gift and therefore her separate property. The court said:

> "We find also the amount of money in question was a part of appellee's compensation for services rendered to his Government in time of war and therefore same is community property under our state laws."[6]

Additional discussion of the character of dependent allowance is contained in Kipping v. Kipping, 1948, 186 Tenn. 247, 209

nized that the husband may either directly or through estoppel or ratification make her the agent to conduct community affairs or transactions." (Citation of authority omitted.)
 There is neither allegation nor evidence that Schlafer designated appellee the agent of the community, nor that she became the agent through estoppel or ratification.

5. If the dependent allowance was intended as a gift, could the Government recover that gift?

6. As a general rule marital interests in personalty acquired during marriage are governed by the law of the domicile of the parties at the time of acquisition. Snyder v. Stringer, 1921, 116 Wash. 131, 198 P. 733; Commissioner of Internal Revenue v. Cadwallader, 9 Cir., 1942, 127 F. 2d 547, 548; Commissioner of Internal Revenue v. Porter, 5 Cir., 1945, 148 F.2d 566; Restatement, Conflict of Laws (1934) § 290. See Stumberg, Principles of Conflict of Laws (2nd Ed., 1951), pp. 313–314. Since the allowance was paid pursuant to Federal law, the Federal Government could possibly determine marital interests to be acquired in the allowance, but as Federal law here involved does not appear to do so, we believe that Washington law is applicable.

S.W.2d 27, 29.[7] Cf. Sherburne's Adm'r v. United States, 1880, 16 Ct.Cl. 491, 496.

 The dependent allowance was partial compensation for the naval service of Schlafer. The payments from July, 1943, to and including May, 1945, were made because of Schlafer's naval service. Income from personal service is community property. Coles v. McNamara, 1924, 131 Wash. 691, 231 P. 28; Small v. Bartyzel, 1947, 27 Wash.2d 176, 177 P.2d 391.[8] The fact of overpayment would not alter the community nature of the allowance. The income being community income, the obligation, if any, to repay the mistaken dependent allowance is a community obligation, and not the personal obligation of the wife merely because the payments may have been made by the Government directly to her.

 Assuming without deciding that the community is obligated to repay the amount of overpayment mistakenly made by the Government, the problem of recovery is made difficult because the community composed of Maude and Kenneth Schlafer is no longer in existence, having been dissolved by divorce. When a community is dissolved by divorce, the property not brought before the divorce court and not divided between the parties is held by the divorced parties thereafter as tenants in common. Ambrose v. Moore, 1907, 46 Wash. 463, 90 P. 588, 11 L.R.A.,N.S., 103; Barkley v. American Savings Bank and Trust Co., 1911, 61 Wash. 415, 112 P. 495; Olsen v. Roberts, 1953, 42 Wash.2d 862, 259 P.2d 418; Metropolitan Life Insurance Co. v. Skov, 1943, D.C.Or., 51 F.Supp. 470, 475.

Parties do not owe obligations as tenants in common. Obligations usually are owed jointly, jointly and severally, or severally. No Washington cases have been cited, and we have found none, which discuss or decide whether a community obligation, following dissolution of the community by divorce, is owed by the divorced parties jointly, jointly and severally or severally.

 We believe that here the community obligation, following dissolution of the community, is owed jointly by the former spouses. Since community assets not divided by the divorce court are owned in common by the divorced spouses, it seems logical that the former spouses would owe an obligation jointly, but not each severally.[9] It seems especially so as to the wife (appellee) as the wife has no management authority over community property in the absence of authorization by the husband in fact, or by conduct.[10] We conclude that any

---

**7.** "The right of the soldier to dependents' allowance was an integral part of his contract of enlistment. It was an inducement for enlistment, which in this case was voluntary, and as an incident of the contract was doubtless enforcible at law. * * * The Congressional purpose in passing the 'Servicemen's Dependents Allowance Act of 1942,' 37 U.S.C.A. §§ 201 through 221, was to enable the enlisted man to meet to some extent, his common law obligations of support and maintenance of dependents * * *."

**8.** Where the Court said, 27 Wash.2d at 180 (177 P.2d 391, 393): "Our community property system conclusively determines that everything that is produced by either spouse, whether it be by toil or talent, is earned by the community and belongs to the community." The fact that the Bureau of Internal Revenue may have considered the dependent allowance as a "gift" and "* * * not taxable either to the serviceman or to his dependents" does not dissuade us from following what appears to be the state classification as community property. See I.T. 3574, 1942–2 Cum.Bull. pp. 52–53.

**9.** The community property statutes and interpretations of them vary so considerably among community property jurisdictions that it is unwise to wholly rely upon authority from one state in a problem arising in a different state, but we believe the case of Grandjean v. Runke, Tex.Civ. App.1897, 39 S.W. 945, 946, is of some interest. There the Court said: "The note having been made during appellant's marriage, the community property of herself and husband not exempt from execution was liable for its payment. Upon the dissolution of the marriage, she became jointly liable with her divorced husband for its satisfaction, to the extent of the community property received by her * * *."

**10.** Cross, "The Community Property Law in Washington," 15 La.L.Rev. 640, 642.

obligation to repay the overpayment of dependent allowance to the community of Maude and Kenneth Schlafer is owed jointly by them.

■ As the obligation to repay the dependent allowance overpayment is a joint obligation of appellee and Kenneth Schlafer, we believe the District Court correctly dismissed the action brought against appellee only because of non-joinder of Kenneth Schlafer as a party defendant. Rule 19(a), Fed.Rules Civ. Proc., 28 U.S.C., reads:

> "Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

This rule clearly provides that persons with joint interests *shall be joined.* Joint obligors are indispensable parties. McRanie v. Palmer, D.C.Mass.1942, 2 F.R.D. 479, 482; 2 Barron & Holtzoff, Federal Practice and Procedure, § 512, p. 62; Pacific Southwest Trust & Savings Bank v. Mayer, 1926, 138 Wash. 85, 244 P. 248.[11]

■ Government argues that the District Court should have called in the absent defendant, not dismiss the cause of action.[12] Under Rule 20, Fed.Rules Civ. Proc., adding or dropping parties to a cause is a matter within the discretion of the trial court, and will be reversed on appeal only when there has been a clear abuse of that discretion. Weaver v. Marcus, 4 Cir., 1948, 165 F.2d 862, 175 A.L.R. 1305; Meyercheck v. Givens, 7 Cir., 1950, 180 F.2d 221.

We find no abuse of discretion by the District Court in this matter. Appellee by answer raised the question of non-joinder. Government moved to strike this and other parts of the answer as defenses. Government at no time, from the record before us, made any effort to join Schlafer as a party defendant though appellee's answer clearly raised the issue and pleaded that Schlafer was a citizen of Washington and residing within the jurisdiction of the lower court as to both service of process and venue. Government could have joined Schlafer. The District Judge was not obligated to control the procedure adopted by Government.

The judgment of dismissal appealed from is affirmed.

---

RCW 26.16.030. The husband cannot bind the wife separately without express authority to act as her agent, or unless she ratifies his acts. Hink v. Mehlhorn, 1933, 174 Wash. 351, 24 P.2d 1061; Wooding v. Sawyer, 1951, 38 Wash.2d 381, 229 P.2d 535.

11. It was said in Baker v. Dale, D.C.W.D. Mo., 123 F.Supp. 364, 367, that "While the need to join 'indispensable parties' and the permissive right to join parties who are 'not indispensable', in an action pending in the Federal court, is procedural, and, hence, governed solely by rules of procedures applicable in the Federal court, particularly Rule 19 of Federal Rules of Civil Procedure, Title 28 U.S.C., yet the matter of who constitute 'indispensable parties', in a particular case, depends upon the nature of the right in suit and that, in turn, depends

upon the substantive law." The case quoted from apparently arose by diversity of citizenship jurisdiction, but we believe that here, where marital property interests created by state law are involved, this Court should follow the appropriate state rule.

12. Rule 21, Fed.Rules Civ.Proc., reads: "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Rule 19(b) provides that when persons who are *not* indispensable have not been made parties, but who ought to be parties, the court shall order them to appear.