**McLENDON v. UNITED STATES.**
**Civ. A. No. 13941.**

United States District Court
E. D. New York.

May 19, 1954.

Reuben E. Gross, Staten Island, N. Y., for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Margaret E. Millus, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

INCH, District Judge.

These are cross-motions for summary judgment.

There is no dispute as to the material facts which may be stated as follows:

On May 27, 1950 one E. P. McLendon enlisted in the United States Army. In October 1950 he authorized a Class Q allotment, effective November 1, 1950, for his wife, the plaintiff herein, pursuant to the provisions of the Dependents' Assistance Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2201 et seq., in the amount of $145 per month. The Government thereafter made such payments to plaintiff up to and including December 1951.

On November 6, 1951, the serviceman divorced the plaintiff in the State of Georgia and requested that her allotment be decreased, effective January 1, 1952, to $85 per month.

On January 19, 1952, the serviceman married one Stella F. McLendon and requested an apportionment of the Class Q allotment, effective April 1, 1952, to provide $125 per month to his second wife, Stella, and $20 per month to plaintiff.

On January 29, 1953, plaintiff obtained a judgment in the Supreme Court, Richmond County, New York, declaring the

Georgia divorce decree to be null and void and adjudging plaintiff to be the lawful wife of the serviceman. On receipt of a certified copy of the New York judgment, the Finance Center of the U. S. Army increased plaintiff's allotment from $20 per month to $156.90 per month. However, the Government made no retroactive payments to the plaintiff for the period from January 1, 1952, through January 31, 1953.

Plaintiff contends that in view of the New York judgment she was the serviceman's lawful wife during the said period and that she is entitled to the full amount of the allotment payments fixed by law for the said period which amount to $1,364.50.

The payment of these allotments is, of course, governed by the above-cited statute which provides in part as follows:

"The allotment required by subsection (h) of this section shall be paid to or on behalf of such dependent or dependents *as may be specified by the enlisted member concerned,* subject to such regulations as the Secretary concerned may prescribe." 50 U.S.C.A.Appendix, § 2204(i). (Emphasis supplied.)

The Act also provides:

"Any determinations or waivers made under this Act shall be *final and conclusive for all purposes and shall not be subject to review in any court* or by any accounting officer of the Government, except for cases involving fraud or gross negligence. * * *" 50 U.S.C.A. Appendix, § 2211. (Emphasis supplied.)

The Government properly points out that here it made the reduced payments to plaintiff "as * * * specified by the enlisted member concerned," so that the Government has fulfilled its obligation under the statute.

Moreover, it appears that it is the policy of the Finance Center of the Army that where payments have been made to an alleged wife of a serviceman, and it is subsequently determined that she was an ineligible allottee, the status quo of such payments is not disturbed, and no action is taken to redetermine the validity of the payments made to the ineligible allottee. However, the Class Q allotment is reinstated on behalf of the lawful wife effective the first of the month following the discontinuance or suspension of the allotment to the ineligible payee. In my opinion this is a "determination" which in the words of the statute "shall be final and conclusive for all purposes and shall not be subject to review in any court * * *, except for cases involving fraud or gross negligence". Here the Army Finance Center in reliance on the Georgia divorce decree followed the designation of the enlisted man and reduced the payments to plaintiff, and it cannot be said that the Finance Center was guilty of fraud or gross negligence in so doing.

It seems to me that this is the type of case which Congress intended should not be reviewed by the courts. Otherwise, the Government would be compelled in many complicated matrimonial situations in which it has no interest to make payments at its peril, and it would subsequently be drawn into multitudinous and vexatious court cases to support its determinations in making payments under the Act, even though, as here, the allottees were specified in accordance with the pertinent provisions of the Act.

In view of the above, the plaintiff's motion for summary judgment is denied, and the Government's cross-motion for summary judgment is granted.

Settle order.