Carmela McLENDON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 232, Docket 24550.

United States Court of Appeals Second Circuit.

Argued March 11, 1958.

Decided April 21, 1958.

Reuben E. Gross, Staten Island, N. Y., for appellant.

C. W. Wickersham, Jr., Brooklyn, N. Y. (Margaret E. Millus, Brooklyn, N. Y., Ann B. Miele, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before CLARK, Chief Judge, HAND, Circuit Judge, and BRENNAN, District Judge.

HAND, Circuit Judge.

This is an appeal from a summary judgment dismissing an action brought under § 2204 of Title 50, U.S.C.A.Appendix. The facts were as follows.

The plaintiff was the wife of a serviceman, E. P. McLendon, who enlisted in the Army on May 27, 1950. In November, 1950, he authorized a payment of a "Class Q" Allotment to his wife in the amount of $145 a month: "basic allowance for quarters" (Regulation 32 C.F.R., § 538.13). On November 6, 1951, he secured a divorce from the plaintiff in Cook County, Georgia, and thereupon directed the "Finance Center" of the Army to decrease her allowance to $85 a month. On January 19, 1952, he married another woman to whom he directed that the "Class Q" Allotment should give $125 a month, leaving only $20 a month to the plaintiff. In January, 1953, the plaintiff obtained a judgment in the Supreme Court of Richmond County, New York, declaring the Georgia divorce void, and adjudging the plaintiff to be the serviceman's lawful wife. The "Finance Center" thereupon increased her allowance from $20 to $156.90 a month, but made no retroactive payments to her for the period from January 1, 1952 to January 31, 1953. The question is whether the plaintiff is entitled to the payment withheld during that period.

Section 2204(i) of Title 50 U.S.C.A. Appendix, provided that the allotment required by the foregoing subsection "shall be paid to * * * such * * * dependents as may be specified by the enlisted member concerned, subject to such regulations as the Secretary concerned may prescribe." Section 2211 provides that "any determinations * ₒ* made under this Act * * * shall be final and conclusive for all purposes and shall not be subject to review in any court or by any accounting officer of the Government, except for cases involving fraud or gross negligence." The plaintiff does not indeed argue that the change in allotment was procured by "fraud"; but she does argue that it was "gross negligence" for the "Finance Center" when advised of the judgment of divorce on February 4, 1953, not to examine its validity. We agree with Judge Inch that "gross negligence" means negligence on the part of the official who makes the payments, later found to be erroneous, and that it was not "gross negligence" to

treat the Georgia decree as valid until some notice of its invalidity had been received. It would be altogether unreasonable to impose upon the Army officials a scrutiny of the decree of divorce in the absence of any challenge by the plaintiff that it was invalid, especially since she must have known that her allotments were reduced during the years from January 1, 1952, until January 19, 1953.

The plaintiff does indeed assert in her brief that she had put the "Finance Center" on notice before January 31, 1953, that the Georgia decree was invalid; but we must go by the record, and there is not a syllable of any such notice in any of the affidavits filed by either party, either on the defendant's motion for summary judgment or the plaintiff's similar motion which Judge Inch denied.

Judgment affirmed.