Carmela McLENDON, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 19306.

United States District Court
E. D. New York.
Feb. 2, 1961.

Reuben E. Gross, Staten Island, N. Y., for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern Dist. of New York, Brooklyn, N. Y., for defendant. Philip Silverman, Asst. U. S. Atty., New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

The defendant moves to dismiss the complaint upon the ground that the statute, 28 U.S.C.A. § 1346(d) (2), deprives this court of jurisdiction.

The plaintiff alleges that she is the wife of Sergeant E. P. McLendon and is entitled to the balance of the allotment for the month of May 1955 and Class Q allotments for the period from June 1955 through March 1956, inclusive. The basis of her claim is that the Government was grossly negligent in permitting Sergeant McLendon to obtain living quarters and in allowing the Class Q allotment to lapse.

The statutes involved are, as follows:

50 U.S.C.A. Appendix, § 2211:

"Any determinations or waivers made under this Act * * * shall be final and conclusive for all purposes and shall not be subject to review in any court or by any accounting officer of the Government, except for cases involving fraud or gross negligence. * * *"

28 U.S.C.A. § 1346:

"(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

* * * * * *

"(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

* * * * * *

"(d) The district courts shall not have jurisdiction under this section of:

"(1) Any civil action or claim for a pension;

"(2) Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

28 U.S.C.A. § 1491:

"The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

 The plaintiff contends that the source of her procedural right to maintain this action is 50 U.S.C.A.Appendix, § 2211 which permits the institution of an action "in any court" if the claim pertains to a grossly negligent determination. The words "in any court" must be construed as meaning any court having proper jurisdiction. Title 28 U.S.C.A. § 1346(a) confers jurisdiction on the district court concurrently with the Court of Claims. Under 28 U.S.C.A. § 1346(d) (2), the district court is deprived of jurisdiction in "any civil action * * * to recover fees, salary, or compensation for official services of officers or employees of the United States."

The question presented is whether a family allotment is considered compensation for military service.

 The plaintiff claims that she is not seeking compensation for official services in the sense that it is used in Section 1346. She demands damages because the compensation was paid to someone else. United States v. Elfer, 9 Cir., 246 F.2d 941 and the cases cited therein establish that the plaintiff's position is untenable. This case and the authorities cited therein hold that family allotments to a wife of a husband in military service are part of the compensation for the husband's military service.

It follows, therefore, that the allotments sued for by the plaintiff are part of Sergeant McLendon's compensation and that the statute, 28 U.S.C.A. § 1346 (d) (2) precludes the court from taking jurisdiction of the plaintiff's claim.

The defendant's motion for dismissal of the complaint is granted.

Settle order on 5 days' notice.