Sarah C. UPTON, Plaintiff,

v.

UNITED STATES of America, Defendant.

United States District Court
S. D. New York.

Feb. 19, 1962.

Richard Owen, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., New York City, Elizabeth F. Defeis, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, for United States of America.

PALMIERI, District Judge.

This is an action by the wife of a serviceman to recover Class Q dependency allotments denied her while a Wyoming divorce decree, later held null and void, was outstanding. The Government has moved to dismiss the complaint pursuant to Rules 12(b) (1) and 12(b) (6), Fed.R. Civ.P., 28 U.S.C., on the dual grounds that (1) 28 U.S.C. § 1346(d) (2) deprives this court of jurisdiction over the subject matter of this action and that (2) even if the court asserts jurisdiction, the complaint should be dismissed on the merits because the facts alleged therein do not constitute fraud or gross negligence, the only basis for review under the Dependents Assistance Act of 1950. 50 U.S.C.A. Appendix § 2211.

The facts are substantially undisputed.

The plaintiff, as the wife of a serviceman, was the beneficiary of a Class Q dependency allotment pursuant to the Dependents Assistance Act of 1950, as amended, 50 U.S.C.A.Appendix §§ 2201–2216. She was paid the allotment from February 1951 through October 1952 and from December 1953 through March 1958. In March, 1958, the serviceman obtained an absolute decree of divorce from the plaintiff in Laramie, Wyoming. Upon receipt of a certified copy of this decree, the Air Force terminated the plaintiff's allotments. Shortly before the issuance of the decree and on several occasions thereafter, the plaintiff, through an attorney, sought to demonstrate the invalidity of the Wyoming proceedings in letters addressed to responsible administrative officers. Except for assistance to a minor son, the Air Force refused to continue plaintiff's allotments. The Air Force's position was made plain in a letter addressed to plaintiff's counsel, dated July 9, 1958, as follows:

"It is Air Force Policy to give full faith and credit to a divorce decree granted in a court of competent jurisdiction and we have no authority to question the validity of the decree. When evidence is furnished of the dissolution of a marriage by annulment or divorce, the dissolution will be presumed to be valid and will be recognized as a termination of the marriage until the decree is set aside by a court of jurisdiction. The airman is being requested to furnish a copy of the decree for the files of this headquarters."

At the serviceman's request and upon proof of his marriage to a second wife, Mabel A. Upton, a Class Q allotment was paid to her from July 1958 to June 1960. Upon submission by the plaintiff of a certified copy of a judgment entered by the Supreme Court of the State of New York declaring the Wyoming decree to be null and void, the allotment to the second wife was terminated and plaintiff's allotment was reinstated.

*Jurisdiction*

Seeking to overcome the jurisdictional hurdle, plaintiff has argued that (1) Class Q allotments are not compensation within the purview of 28 U.S.C. § 1346(d) (2), and that (2) even if the Court lacks jurisdiction under section 1346, section 2211 of the Dependents Assistance Act confers jurisdiction on the district court when fraud or gross negligence is alleged.

Title 28 U.S.C. § 1346(d) (2) provides that the district courts shall not have jurisdiction under that section of

"Any civil action or claim to recover fees, salary, or compensation for official services of officers or employees of the United States."

In the only case directly in point, Chief Judge Bruchhausen held that a Class Q allotment constitutes compensation within the purview of 28 U.S.C. § 1346(d) (2) and that the federal district court lacks jurisdiction to entertain a claim that the Government was grossly negligent in permitting a Class Q allotment to lapse. McLendon v. United States, 191 F.Supp. 258 (E.D.N.Y.1961), *appeal dismissed for failure to prosecute,* Docket No. 26970,

May 29, 1961. Class Q allotments have also been held to be "compensation" in a number of different contexts. See United States v. Elfer, 246 F.2d 941 (9th Cir. 1957), and cases cited therein. Although in an earlier case a district court did entertain an action involving a Class Q allotment, McLendon v. United States, 123 F.Supp. 765 (E.D.N.Y.1954), and its decision granting judgment for the Government on the merits was affirmed by the Court of Appeals, McLendon v. United States, 254 F.2d 361 (2d Cir. 1958), neither the district court nor the Court of Appeals considered the jurisdictional question.[1]

It is clear from the statutory language that payments to a serviceman for his military service would constitute compensation within the purview of the statute. See Bruner v. United States, 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786 (1952) (payment to civilian fire chief of an Army camp held to be within statute). Plaintiff contends that payments to the wife should not be so considered. While there are certain distinctions between the payments a serviceman receives as remuneration for his military service and payments made to his dependents under the Dependents Assistance Act, these distinctions do not afford a basis for a jurisdictional distinction. No reason appears why Congress would require an aggrieved serviceman to seek redress in the Court of Claims but would permit the wife, entitled to allotments through him, to obtain redress in a district court. In short, I hold that Class Q allotments are compensation within the purview of § 1346(d) (2).

Title 50 U.S.C.A.Appendix § 2211 provides that any determination made under the Dependents Assistance Act

"Shall not be subject to review in any court * * * except for cases involving fraud or gross negligence."

Plaintiff's contention, that by providing that determinations under the Act "shall not be subject to review in any court * * * except for cases involving fraud or gross negligence," Congress conferred jurisdiction on the district court to review such determinations if fraud or gross negligence is alleged, is clearly a *non sequitur.* The statute specifies the conditions that must exist for a determination to be reviewable in any court, and not that if those conditions exist, the determination is reviewable in any court.

*Fraud or Gross Negligence*

■ Even if I were to hold that the district courts had jurisdiction to entertain this action, I could not hold that the Air Force was guilty of fraud or gross negligence in recognizing what appeared on its face to be a valid decree of divorce. This very argument was urged in McLendon v. United States, 254 F.2d 361 (2d Cir. 1958), against a very similar factual background. There, too, the wife of a serviceman sought to recover the allotments alleged to have been improperly denied while a divorce decree, later held invalid, was outstanding.

After stating the Court's view that the "gross negligence" referred to in the statute means gross negligence on the part of the official who makes the payments, Judge Learned Hand said:

"* * * It would be altogether unreasonable to impose upon the Army officials a scrutiny of the decree of divorce in the absence of any challenge by the plaintiff that it was invalid, especially since she must

---

1. On appeal, counsel for the Government argued that the Army determination was not subject to "review in the Courts in the absence of fraud or gross negligence," but did not argue that the district court lacked jurisdiction to review the determination even if fraud or gross negligence was alleged. The brief states: "Appellant appears to concede here that

50 App.U.S.C. § 2211 controls as to the Court's jurisdiction." Brief for Appellee, p. 14, McLendon v. United States, 2 Cir., 254 F.2d 361 (1958). It should be noted, however, that since the appeal was from a judgment in favor of the Government on the merits the Government had no interest in having that judgment vacated for lack of jurisdiction.

have known that her allotments were reduced during the years from January 1, 1952, until January 19, 1953.

"The plaintiff does indeed assert in her brief that she had put the 'Finance Center' on notice before January 31, 1953, that the Georgia decree was invalid; but we must go by the record, and there is not a syllable of any such notice in any of the affidavits filed by either party, either on the defendant's motion for summary judgment or the plaintiff's similar motion which Judge Inch denied." 254 F.2d p. 363.

Although it is possible to read this language as implying that the Army officials would have had the duty to investigate the validity of the divorce decree if it had been challenged, I do not understand that Judge Hand intended anything more than to point out the plaintiff's failure to establish gross negligence on the record before him. The coupling of fraud with gross negligence, and Judge Hand's reference to the invidious burden that would be imposed upon Army officials charged with disbursement duties, convinces me that the plaintiff has not presented a claim within the statutory exception. At best, all plaintiff can claim is a failure of the service officials to be persuaded by legal arguments in letter form; arguments later deemed persuasive by the New York Court presumably after formal court proceedings. To sustain plaintiff's contention that gross negligence has been shown here would be tantamount to inflicting upon Army officials an intolerable burden of predicting, at the Government's peril, the outcome of multi-state divorce litigation. Even experienced lawyers would have considerable difficulty meeting such a burden. In short, if it were necessary to my decision, I would find that the plaintiff's claim does not come within 50 U.S.C.A.Appendix, § 2211.

### Conclusion

The complaint is dismissed for lack of jurisdiction over the subject matter. 28 U.S.C. § 1346(d) (2).

Submit order on notice.